Filed 12/4/15  P. v. Rivas CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JEFFERY RIVAS,<br><br>    Defendant and Appellant. | G050417<br><br>(Super. Ct. No. 12NF1089)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Steven D. Bromberg, Judge.  Affirmed.

Stephen M. Lathrop, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.

*              *

A jury convicted Jeffery Rivas of second degree robbery (Pen. Code, §§211, 212.5, subd. (c); all statutory citations are to the Penal Code) and felon in possession of a firearm (§ 29800, subd. (a)(1)). The jury found he committed both crimes to benefit a criminal street gang. (§ 186.22, subd. (b)(1).) The jury also found he personally used a firearm during the commission of a robbery. (§ 12022.53, subd. (b).) Rivas admitted he had served a prior prison term within the meaning of section 667.5, subdivision (b). Rivas contends the court abused its discretion by denying his motion to relieve his court appointed attorney (*People v. Marsden* (1970) 2 Cal.3d 118, 123 (*Marsden*)) made six months before trial. For the reasons expressed below, we affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

On April 1, 2012, around 11:00 p.m., Rivas flagged down John Doe in Anaheim as Doe was driving home. Rivas asked Doe his name and where he was "from," an inquiry commonly understood to refer to gang affiliation. Doe said "nowhere," communicating he was not a gang member. Rivas identified himself as "Minor from Small Town." Doe had a portable hard drive connected to his stereo, and Rivas demanded to know what else Doe had in the car. Rivas threatened to take out a pistol, and reached under his shirt. Doe saw the handle of a gun protruding from Rivas's waistband. Rivas forced Doe out of the car, reached into Doe's pockets, and took Doe's cell phone and debit card. He also removed the hard drive from the stereo. Rivas ran away, along with another man who stood nearby during the robbery. A police officer arrested Rivas the next day and found Doe's phone in his pocket.

Following trial in April 2014, a jury convicted Rivas as noted above. In June 2014, the court sentenced Rivas to an aggregate prison term of 23 years, comprised of the three-year middle term for second degree robbery (count 1), a 10-year consecutive term for the firearm enhancement (§ 12022.53, subd. (b)), a 10-year consecutive term for

the gang enhancement as to count 1 (§ 186.22, subd. (b)(1)(C)), a concurrent two-year middle term for felon in possession of a firearm (count 2), and a three-year concurrent term for the gang enhancement as to count 2 (§ 186.22, subd. (b)(1)(C)).

II

DISCUSSION

*Marsden Motion*

Rivas contends the trial court erred in denying his *Marsden* motion because his complaints at the hearing established an irreconcilable conflict with his court appointed attorney. We do not find his argument persuasive.

The court conducted a *Marsden* hearing on October 30, 2013. Rivas complained his attorney, Deputy Alternate Defender Ray Chen, had not met with him after being assigned to the case four months earlier. Rivas complained Chen had not sent him any "paperwork, police reports, discovery, lineup, anything." Rivas explained, "I haven't been able to receive anything. I can't even get a simple legal pad from him." Rivas asserted Chen had called him a liar, and was not receptive to Rivas's desire to go to trial. Rivas stated: "I mean, I don't feel comfortable leaving my case in his hands if – if all he's going to do is just call me a liar. [¶] So I mean, I want to push for trial on this case. And he seems to think what I want is a deal, and that's not what I want."

The court asked Chen about his criminal law experience. Chen replied he had been a deputy alternate defender since 2000 and had tried over 75 felony cases. Chen received the case after the Public Defender declared a conflict.

Chen conceded he may not have visited Rivas in jail to discuss the case. Chen had not sent Rivas paperwork because Rivas's prior attorney told Chen she had already given Rivas all of the paperwork, including a copy of the police report. Chen was willing to mail Rivas an additional copy if he no longer had one. Chen denied calling Rivas a liar, but acknowledged tension with Rivas, and understood how Rivas might

3

conclude Chen accused Rivas of lying, but this was not Chen's intention. Chen explained to Rivas the evidence in the case did not correspond well with Rivas's explanation concerning how he came into possession of Doe's cell phone, and the jury likely would disbelieve Chen's account. Chen also told Rivas he would have a hard time convincing a jury to believe Rivas's proposed witness.

Concerning his efforts on Rivas's behalf, Chen stated his investigator had interviewed the victim. Chen had also filed a writ petition to have Rivas's prior conviction for a violation of section 186.22, subdivision (a), alleged as a strike in the current case, dismissed for insufficient evidence. (See *People v. Rodriguez* (2012) 55 Cal.4th 1125, 1133 [section 186.22, subdivision (a), requires the criminal act be done collectively with other gang members].) Chen agreed with the trial court if the court granted the writ petition, it might also require dismissal of a section 667, subdivision (a), enhancement based on the same conviction. Chen advised Rivas he should not seek a trial date until the petition was resolved.

The court asked Rivas if he would like to respond or provide any additional information. Rivas said he did not know Chen's investigator interviewed the victim and that "would make me feel comfortable knowing that an investigator has come." Rivas repeated his complaint about not receiving paperwork, saying his other attorney sent only his "charges."

The court denied the *Marsden* motion, explaining "there just needs to be better communication between counsel and Mr. Rivas." The court concluded Chen had correctly prioritized the writ petition over trial, and the misunderstanding over the delay in getting to trial was "just a matter of explaining" to Rivas it was in his best interest to wait for a decision on the writ. The court stated it did not observe the requisite "complete breakdown in communication" to grant a *Marsden* motion. Instead, the court found "Mr. Rivas's main concern is that he hasn't received *enough* communication from his lawyer," but "that can be rectified. That can be solved." The court emphasized Rivas would be

4

well-served by a senior alternate defender like Chen, and counsel reasonably placed the highest priority on addressing Rivas's strike prior before trial.

Under *Marsden*, "'"[w]hen a defendant seeks to discharge his appointed counsel and substitute another attorney, and asserts inadequate representation, the trial court must permit the defendant to explain the basis of his contention and to relate specific instances of the attorney's inadequate performance."'" (*People v. Abilez* (2007) 41 Cal.4th 472, 487-488 (*Abilez*); *Marsden, supra*, 2 Cal.3d at p. 123.) To obtain relief, a defendant must clearly show that counsel is either providing inadequate representation or "'"that defendant and counsel have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result."'" (*People v. Abilez, supra*, 41 Cal.4th at p. 488.) A *Marsden* motion is addressed to the discretion of the trial court (*People v. Vera* (2004) 122 Cal.App.4th 970, 979), and a defendant bears a heavy burden to prevail on such a motion. (*People v. Bills* (1995) 38 Cal.App.4th 953, 961.) No abuse of discretion will be found unless refusal to relieve "'counsel and appoint replacement counsel would "substantially impair" the defendant's right to effective assistance to counsel.'" (*Abilez, supra*, 41 Cal.4th 472, 487-488.)

Rivas asserts there was an irreconcilable conflict because Chen concluded Rivas was guilty, as evidenced by the fact Chen's investigator had not yet interviewed the witnesses Rivas identified. A defendant is not entitled to an attorney who believes in his innocence, however. An attorney may believe the client to be guilty so long as the belief in the client's guilt does not prevent the attorney from vigorous and effective advocacy. (Cf. *People v. Munoz* (1974) 41 Cal.App.3d 62, 64, 66 [defendant entitled to a new attorney where current counsel told client "You are guilty; you ain't got a chance"].) Here, despite ample opportunity, Rivas offered no evidence counsel's representation was inadequate. Chen explained he told Rivas his witnesses would be problematic at trial. While Rivas may have taken offense, counsel enjoys dominion over tactical decisions. (See *People v. Nakahara* (2003) 30 Cal.4th 705, 719 [tactical decisions furnish no basis

for *Marsden* discharge].)  Chen reasonably directed his efforts to resolving the specter of Rivas's strike prior.  Chen admitted not visiting Rivas, and this may have fostered some misunderstanding.  But a lack of trust, or inability to get along with counsel, is not sufficient to relieve counsel.  (See *People v. Berryman* (1993) 6 Cal.4th 1048, 1070, overruled on other grounds in *People v. Hill* (1998) 17 Cal.4th 800.)

Finally, Rivas faults the court for failing to make a sufficient inquiry into Rivas's reasons for requesting substitute counsel.  (*People v. Ivans* (1992) 2 Cal.App.4th 1654, 1666 (*Ivans*).)  ""'[A] *Marsden* hearing is not a full-blown adversarial proceeding, but an informal hearing in which the court ascertains the nature of the defendant's allegations regarding the defects in counsel's representation and decides whether the allegations have sufficient substance to warrant counsel's replacement."''  (*People v. Gutierrez* (2009) 45 Cal.4th 789, 803, (Gutierrez).)   In *Ivans*, the trial court erred in denying the defendant's request for new counsel after failing to inquire into all of the defendant's reasons for requesting another attorney.  (*Ivans*, *supra*, 2 Cal.App.4th at p. 1666.)  Here, in contrast, Rivas listed his concerns with counsel, and the trial court asked counsel to respond.  Counsel provided a thorough response to Rivas's complaints.  The court gave Rivas an opportunity to reply before denying the motion and finding Chen's representation was adequate.  The "trial court made an adequate inquiry as to the existence of a conflict between defendant and counsel." (*Gutierrez, supra,* at p. 804.)  We discern no abuse of discretion.

## III

### DISPOSITION

We affirm the judgment.


ARONSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.